UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RHODNEY HENDERSON, et al.,<br><br>　　Plaintiff(s),<br><br>v.<br><br>ARIA RESORT & CASINO HOLDINGS, LLC, et al.,<br><br>　　Defendant(s). | Case No. 2:21-cv-00280-JAD-NJK<br><br>**REPORT AND RECOMMENDATION**<br><br>[Docket No. 80] |

Pending before the Court is Plaintiffs' motion for leave to file a third amended complaint. Docket No. 80. Defendants filed a response in opposition. Docket No. 81. Plaintiffs filed a reply. Docket No. 82. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed more fully below, the undersigned **RECOMMENDS** that the motion for leave to amend be **DENIED**.

**I.    BACKGROUND**

This case arises out of an incident during Plaintiffs' stay at the Aria Resort and Casino in June 2019. *See* Second Amended Complaint (Docket No. 61) at ¶ 19. Plaintiffs bring racial discrimination suit on the grounds that they were wrongfully trespassed and mistreated because of their race.[1]

The deadline to amend expired on August 31, 2021. *See* Docket No. 23. After granting in part Defendants' motion to dismiss, Judge Dorsey allowed Plaintiffs until June 10, 2022, to file a second amended complaint as to only the claims for intentional infliction of emotional distress. Docket No. 60 at 13. On June 10, 2022, that second amended complaint was filed. Docket No. 61. On December 22, 2022, Plaintiffs sought leave to file a third amended complaint. Docket No.

---

[1] A fulsome overview of the factual allegations has been provided elsewhere by United States District Judge Jennifer A. Dorsey. Docket No. 60 at 2-5.

78. On December 27, 2022, that motion was denied without prejudice for failing to address the governing standards. Docket No. 79. On January 25, 2022, Plaintiffs renewed their motion for leave to file a third amended complaint, which is the motion currently before the Court. Docket No. 80. Discovery is set to close on April 13, 2023, Docket No. 77 at 5, and is not expected to be extended, *see id.* at 6 (granting seventh request to extend discovery deadlines with admonition that "**NO FURTHER EXTENSIONS WILL BE GRANTED**" (emphasis in original)).

## II.    STANDARDS

When a party moves to amend the pleadings after the expiration of the deadline established in the scheduling order, courts review the motion through a two-step process. As a threshold matter, courts treat the motion as seeking to amend the scheduling order. Such a request implicates the "good cause" standard outlined in Rule 16(b) of the Federal Rules of Civil Procedure. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.* at 609. In particular, courts look to whether the deadline set in the scheduling order "cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* The diligence inquiry also addresses other pertinent circumstances, including whether the movant was prompt in seeking relief from the Court once it became apparent that relief from the scheduling order was needed. *See Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (citing *Eckert Cold Storage, Inc. v. Behl*, 943 F. Supp. 1230, 1233 (E.D. Cal. 1996)). Although prejudice to the opposing party may also be considered, the focus of the inquiry is on the movant's reasons for seeking modification. *Johnson*, 975 F.2d at 609. "If that party was not diligent, the inquiry should end." *Id.* The party seeking amendment bears the burden of establishing diligence. *See Singer v. Las*

*Vegas Athletic Clubs*, 376 F. Supp. 3d 1062, 1077 (D. Nev. 2019); *see also Morgal v. Maricopa County Bd. Of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012).[2]

A motion for leave to amend filed after the expiration of the corresponding deadline also requires a showing of excusable neglect. *See Branch Banking & Trust Co. v. DMSI, LLC*, 871 F.3d 751, 764-65 (9th Cir. 2017); *see also* Local Rule 26-3. The excusable neglect analysis is guided by factors that include (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Branch Banking*, 871 F.3d at 765. The party seeking amendment bears the burden of establishing excusable neglect. *See id.* (affirming finding of no excusable neglect based upon the movant's failure to provide a sufficient showing).

When the movant has sufficiently established a sufficient basis for obtaining relief from the deadline to amend pursuant to Rule 16(b), courts then advance to the second step of examining whether amendment is proper under the standards outlined in Rule 15(a). Rule 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires," and there is a strong public policy in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir.

---

[2] Although the Ninth Circuit has expressed the need for leniency with respect to certain deadlines in other contexts, it has been "protective of this particular rule, as it deems Rule 16 to be an essential tool in controlling heavy trial court dockets." *Williams v. James River Grp. Inc.*, ___ F. Supp. 3d ___, 2022 WL 4181415, at *2 n.3 (D. Nev. Sept. 13, 2022) (quoting *Gerawan Farming, Inc. v. Rehrig Pac. Co.*, No. 1:11-cv-01273-LJO-BAM, 2013 WL 645741, at *4 (E.D. Cal. Feb. 21, 2013)); *see also Martinez-Sanchez v. Anthony Vineyards, Inc.*, No. 1:19-cv-01404-DAD-JLT, 2021 WL 1696274, at *6 (E.D. Cal. Apr. 29, 2021). Decades of Ninth Circuit precedent reflect that case management deadlines established in the scheduling order, including the deadline to amend, must be taken seriously. *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006) ("The use of orders establishing a firm discovery cutoff date is commonplace, and has impacts generally helpful to the orderly progress of litigation, so that the enforcement of such an order should come as a surprise to no one"); *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005) ("In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines"); *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994) ("We have held that Federal Rule of Civil Procedure 16 is to be taken seriously"); *Johnson*, 975 F.2d at 610 ("A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril. The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of Johnson's case. Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier" (internal citation and quotations omitted)).

1999). As such, the Ninth Circuit has made clear that Rule 15(a) is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (*per curiam*). Under Rule 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the plaintiff has previously amended the complaint. *See id.* at 1052. Not all of these factors carry equal weight and prejudice is the "touchstone." *Id.* Absent a showing of prejudice or a strong showing of any of the remaining factors, there is a presumption that leave to amend should be granted. *Id.* The party opposing the amendment bears the burden of showing why leave should not be permitted under Rule 15(a). *Underwood v. O'Reilly Auto Enters., LLC*, 342 F.R.D. 338, 343 (D. Nev. 2022). The "discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *City of Los Angeles v. San Pedro Boat Works*, 635 F.3d 440, 454 (9th Cir. 2011).

**III.    ANALYSIS**

Plaintiffs' motion seeks to add a new claim for false imprisonment as to Sundra Henderson, to newly identify five defendants who were previously only referenced as Doe Defendants, and to newly identify one defendant who had been previously dismissed as incorrectly named. As noted above, the deadline to amend the pleadings or add parties expired on August 31, 2021. *See* Docket No. 23. Plaintiffs argue that they have established the diligence necessary for belated relief from that deadline under Rule 16(b). *See, e.g.*, Docket No. 80 at 5-8; *see also* Docket No. 82. Defendants argue that diligence is lacking and that allowing the late amendments at this juncture would be prejudicial. *See* Docket No. 81 at 6-9.[3] Defendants have the better argument.

The undersigned begins with the request to amend the complaint to add a new claim for false imprisonment for Plaintiff Sundra Henderson. In arguing that the defense should not be

---

[3] Defendants couch their arguments in terms of the Rule 15(a) analysis. *See* Docket No. 81 at 6-9. Even when the parties do not do so, the Court has a duty to correctly articulate and apply legal standards. *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000). The papers provide a sufficient basis for the Court to determine diligence as required by Rule 16(b) despite Defendants' failure to address that rule specifically. *Cf. Wagner v. Shasta Cnty.*, No. 2:20-cv-00403-JAM-DMC, 2021 WL 2534148, at *2 (E.D. Cal. June 21, 2021) (conducting Rule 16(b) good cause analysis based on arguments for undue delay and prejudice pursuant to Rule 15(a)), *recon. denied*, 2022 WL 14861526 (E.D. Cal. Oct. 26, 2022).

surprised by this newly-raised claim, Plaintiffs highlight that "Sundra testified that she was told to leave, could not close her hotel room door and was escorted not only to the front desk of the hotel but outside of the hotel." Docket No. 80 at 9. These same factual allegations were alleged in the initial complaint more than two years ago. *See* Docket No. 1 at ¶¶ 41-42, 44-45. Indeed, Plaintiffs effectively concede that the factual circumstances on which they seek to amend the complaint with a new claim for false imprisonment have been known since the initiation of litigation. *See, e.g.*, Docket No. 82 at 1 ("The Hendersons' allegations in the Complaint will remain substantially unchanged in their Third Amended Complaint"). Waiting for two years to bring a claim based on previously alleged factual circumstances is the antithesis of the diligence required to establish good cause to modify the scheduling order. *Cf. Branch Banking*, 871 F.3d at 765 ("The defenses and counterclaim they sought to add were based on the work-out agreement, which Defendants knew about long before the deadline to amend had passed. Defendants were thus not diligent").

Good cause is also lacking to reopen the case management deadline to add new parties by identifying the Doe Defendants. The identities of five Doe Defendants at issue (Leticia Anzalone, Wendy Uhl, Eddie Perez, Winter Prescott, and Andres Rodriguez) became clear from discovery dating back to at least April 4, 2022. *See* Docket No. 81-1 at 17-18. Nonetheless, Plaintiffs waited almost nine months to file a motion for leave to amend to name these Doe Defendants. *See* Docket No. 78. Such a lengthy delay is indicative of a lack of diligence. *See, e.g.*, *Sako v. Wells Fargo Bank, Nat. Ass'n*, No. 14-cv-01034-GPC (JMA), 2015 WL 5022326, at *2 (S.D. Cal. Aug. 24, 2015) (finding lack of diligence in filing motion to amend less than two months after discovering new facts at deposition). Nonetheless, Plaintiffs contend that they were diligent in seeking to name these defendants because they were hoping the case would be resolved at a settlement conference and because they needed to strategize on the claims to bring. *See, e.g.*, Docket No. 80 at 6-7. The undersigned is not persuaded. First, it is established law that engaging in settlement discussions or alternative dispute resolution does not create a *post hoc* justification for a lack of diligence. *Cf.*

*Williams*, 2022 WL 4181415, at *5-6 (collecting cases).[4]  No meaningful showing has been made here that a hope of settlement excuses a nine-month delay in taking action to name these defendants in the pleadings.  Second, no meaningful explanation has been provided as to why months of strategizing were required to name Doe Defendants who were already referenced in the operative pleadings and whom Plaintiffs seek to add to preexisting claims.  *See, e.g.*, Docket No. 80 at 15.  In short, the undersigned is not persuaded that Plaintiffs met their burden in establishing diligence to amend the pleadings to identify these Doe Defendants.  *See, e.g.*, *Kalinkin v. Robinson*, No. 09-cv-1058-BR, 2010 WL 5158386, at *4-5 (D. Or. Dec. 14, 2010) (denying leave to amend to identify Doe Defendant filed a year after the lawsuit was initiated and after the deadline to amend had expired).[5]

Good cause is also lacking with respect to Plaintiffs' request to now include Jay McCullough as a defendant.  Plaintiffs previously named Defendant Jerald Hedrick in this action.  *See* Docket No. 36.  On July 18, 2022, Plaintiffs stipulated to dismiss Hedrick with prejudice as incorrectly named.  Docket No. 69.  "Specifically, by way of deposition testimony, the Parties have confirmed that Hedrick was mistaken for another Aria employee."  *Id.* at 2.  Already by that date, deposition testimony had pointed to Jay McCullough as the security officer "Jay" who escorted Mr. Henderson to his room.  *See* Docket No. 81 at 21 (deposition testimony from June 6, 2022).  The stipulation to dismiss Hedrick did not seek to correctly identify McCullough and, instead, Plaintiffs waited nearly seven months to seek to add Jay McCullough to the case.  As with

---

[4] The Court permitted a respite from discovery pending the settlement conference based on, *inter alia*, the indications that discovery had been diligently pursued, the implication that delaying expert retention would foster the prospects of discovery, and representations that settlement was likely.  *See* Docket No. 71 at 2; Docket No. 73 at 3-4; *see also Williams*, 2022 WL 4181415, at *6 n.8.  The parties did not request, and the Court did not grant, relief from promptly seeking leave to amend or add parties.  Indeed, it makes little sense that, *inter alia*, a plaintiff would proceed to a settlement conference in the hope of <u>fully resolving a case</u> with full knowledge that some defendants were not named in the pleadings and would not appear at the settlement conference.  *Cf.* Docket No. 74 at 2 (requiring all parties to appear at the settlement conference).

[5] In reply, Plaintiffs attempt to fill in the gaps by pointing to various discovery disputes.  *See* Docket No. 82 at 4-5.  Regardless of those assertions, however, it remains clear that the identities of these defendants were known months earlier and diligence is lacking.

6

the other proposed new defendants, the vague reference to a need to strategize as to adding him to the case falls well short of showing diligence. *See* Docket No. 80 at 6-7.[6]

In short, leave to amend is being sought well after the case management deadline for doing so. Good cause has not been established to modify the scheduling order, so such relief should be denied.[7]

### IV. CONCLUSION

For the reasons discussed more fully above, the undersigned **RECOMMENDS** that the motion for leave to amend be **DENIED**.

Dated: March 31, 2023

_____
Nancy J. Koppe
United States Magistrate Judge

### NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

---

[6] "The existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion [for leave to amend]." *Johnson*, 975 F.2d at 609. Plaintiffs argue a lack of prejudice in allowing the late change to the pleadings, *see, e.g.*, Docket No. 82 at 1-2, while Defendants contend that they will be prejudiced given the delay in seeking relief and the current procedural posture of the case, *see, e.g.*, Docket No. 81 at 8. Defendants have the better argument. The discovery cutoff is imminent, *see* Docket No. 77 at 5, which does not leave sufficient time for service and responses to the proposed amended complaint, let alone sufficient time for newly named defendants to meaningfully participate in discovery before the current cutoff. *But see Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint"); *see also Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976) ("The law presumes injury from unreasonable delay").

[7] Because good cause is lacking to modify the scheduling order, the Court need not opine on whether excusable neglect has been shown for the failure to seek relief from the subject case management deadline prior to its expiration. Moreover, the Court need not opine on whether leave to amend would be warranted under Rule 15(a). *See, e.g.*, *Morgal*, 284 F.R.D. at 460.