# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RHODNEY HENDERSON, et al., | Case No. 2:21-cv-00280-JAD-NJK |
| Plaintiff(s), | **ORDER TO SHOW CAUSE** |
| v. | |
| ARIA RESORT & CASINO HOLDINGS, LLC, et al., | |
| Defendant(s). | |

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Recs., Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). As this Court recounted only a few weeks ago, "[d]ecades of Ninth Circuit precedent reflect that case management deadlines established in the scheduling order . . . must be taken seriously." Docket No. 84 at 3 n.2 (collecting cases). Indeed, the failure to abide by the Court's scheduling order may result in the imposition of sanctions. *See, e.g.*, Fed. R. Civ. P. 16(f)(1)(C); Local Rule IA 11-8(e).

The discovery cutoff expired in this case on April 13, 2023. Docket No. 77. The Court cautioned in the order setting that deadline that "**NO FURTHER EXTENSIONS WILL BE GRANTED**." *Id.* at 6 (emphasis in original); *see also* Docket No. 68 at 5 ("**THE COURT IS NOT INCLINED TO GRANT FURTHER EXTENSIONS**" (emphasis in original)); Docket No. 56 at 1 (finding diligence lacking for a discovery extension, but allowing "this last extension" as a "final courtesy to the parties" (emphasis in original)). Hence, it has been crystal clear for months that the parties were required to complete discovery by April 13, 2023. Recent filings reveal, however, that the parties have not abided by that cutoff. As an example, Defendant Aria apparently served a subpoena duces tecum on the date of the discovery cutoff, *see* Docket No. 86 at 4, despite the fact that "nonparty discovery must be completed before the discovery cutoff just

1

like other discovery," *V5 Techs. v. Switch, Ltd.*, 332 F.R.D. 356, 361 n.5 (D. Nev. 2019) (quoting *Integra Lifesciences I, Ltd. v. Merck KGaA*, 190 F.R.D. 556, 561 (S.D. Cal. 1999) and *Marvin Lumber & Cedar Co. v. PPG Indus., Inc.*, 177 F.R.D. 443, 445 (D. Minn. 1997)).  As another example, the parties apparently agreed without seeking or obtaining judicial approval to take depositions after the discovery cutoff, Docket No. 87 at 2, even though engaging in untimely discovery pursuant to an unapproved agreement violates the scheduling order and the Federal Rules of Civil Procedure, *e.g.*, Fed. R. Civ. P. 29(b).[1]  That counsel chose to engage in this course of conduct immediately after the Court emphasized the importance of scheduling orders and the need for compliance only heightens the concerns that stem from this conduct.  *See* Docket No. 84 at 3 n.2.

Accordingly, all attorneys of record (Gia Marina, Paola Armeni, Christopher Kircher, Jarrod Rickard, Katie Lynn Cannata, and Lawrence Semeza, III) are hereby **ORDERED** to show cause in writing, no later than May 5, 2023, why they should not be sanctioned in a court fine of up to $500 for violating the scheduling order.  *See, e.g.*, Fed. R. Civ. P. 16(f)(1)(C); Local Rule IA 11-8(e).

IT IS SO ORDERED.

Dated: April 21, 2023

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] "[A] stipulation extending the time for *any form of discovery* must have court approval if it would interfere with the time set for completing discovery." Fed. R. Civ. P. 29(b) (emphasis added). "To take a deposition after court-imposed deadlines requires a stipulation *approved by the court*, or an order granting a motion to re-open discovery." *Rakhra v. PHW Las Vegas, LLC*, 2014 WL 99302, at *3 (D. Nev. Jan. 3, 2014) (emphasis added). Agreements to take depositions after the discovery cutoff made without seeking or obtaining judicial approval are improper and unenforceable. *See, e.g.*, *Wyles v. Sussman*, 445 F. Supp. 3d 751, 756 (C.D. Cal. 2020); *Bella+Canvas, LLC v. Fountain Set Ltd.*, 2023 WL 1997702, at *4 (C.D. Cal. Feb. 14, 2023); *Lee v. Lee*, 2022 WL 17096696, at *2 (C.D. Cal. Jan. 24, 2022); *Linksmart Wireless Tech., LLC v. Gogo Inc.*, 2021 WL 4895738, at *3 (C.D. Cal. Mar. 25, 2021); *Adinolfi by and through Adinolfi v. Omni La Costa Resort & Spa, LLC*, 2019 WL 2269881, at *4-5 (S.D. Cal. May 28, 2019); *AmeriPOD, LLC v. davisREED Constr., Inc.*, 2018 WL 4612544, at *2 (S.D. Cal. Sept. 26, 2018); accord *Garcia v. Serv. Emps. Int'l Union*, No. 2:17-cv-01340-APG-NJK, Docket No. 178 at 1, n.1 (D. Nev. Sept. 20, 2018).