# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RHODNEY HENDERSON, et al., | Case No. 2:21-cv-00280-JAD-NJK |
| Plaintiff(s), | **ORDER** |
| v. | [Docket Nos. 98, 99] |
| ARIA RESORT & CASINO HOLDINGS, LLC, et al., | |
| Defendant(s). | |

Pending before the Court is a motion for clarification from the undersigned or, in the alternative, an objection to the district judge. Docket No. 98.

As a threshold matter, it is not appropriate to seek concurrent relief from a magistrate judge and from a district judge on the same issues, *cf. Reno v. W. Cab Co.*, 2020 WL 2462900, at *2 (D. Nev. May 1, 2020), and it violates the local rules to file one document for two purposes, Local Rule IC 2-2(b). As such, the Court herein addresses only the motion for clarification.

The motion for clarification seeks a ruling as to whether Plaintiffs' substituted expert opinions must be substantially similar to the prior opinions given in written form, or whether they must also be substantially similar to deposition testimony, Docket No. 98 at 4-6, and whether Plaintiffs may engage two substitute experts rather than one, *id.* at 6-7. These issues are better addressed after the substituted expert opinions have been obtained so the Court can resolve any lingering dispute based on a more concrete record. *Cf. Kaepplinger v. Michelotti*, 2021 WL 2633312, at *7 (N.D. Ill. June 25, 2021) (collecting cases that disputes as to the appropriate scope of the substituted expert opinion are best addressed by the filing of a motion to exclude after the opinions have been obtained); *United States ex rel. Agate Steel, Inc. v. Jaynes Corp.*, 2015 WL 1546717, at *2 n.5 (D. Nev. Apr. 6, 2015) (deferring ruling on potential for award of attorneys'

fees until after substituted expert opinion provided).[1]  The Court also reminds the parties that they should be engaging cooperatively as to the discovery process and, hopefully, can resolve any such disputes without further judicial intervention.  *E.g.*, *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015).

Accordingly, the motion for clarification (Docket No. 98) is **DENIED**.  If disputes arise after the substitute expert opinions are obtained on the issues described in the motion for clarification, Defendants may at that time initiate appropriate motion practice.  In light of the ruling herein, the stipulation to extend the deadline to submit a new schedule (Docket No. 99) is **DENIED** as moot.  The parties must file a stipulation with a proposed schedule for expert disclosures and depositions by June 2, 2023.[2]

IT IS SO ORDERED.

Dated: May 30, 2023

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] Deferring ruling on these disputes also enables the parties to provide more fulsome briefing.  *See, e.g.*, Docket No. 98 at 6-7 (providing 17-lines of text in total as to whether one or two experts may be substituted).

[2] The Court does not resolve herein the motion to seal.  Docket No. 97.