UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RHODNEY HENDERSON, et al.,
    Plaintiff(s),

v.

ARIA RESORT AND CASINO HOLDINGS, LLC, et al.,
    Defendant(s).

Case No. 2:21-cv-00280-JAD-NJK

**Order**

[Docket No. 97]

Pending before the Court is Defendants' motion to seal an exhibit filed in conjunction with their motion for clarification. Docket No. 97; *see also* Docket No. 98. No response was filed.[1] The Court does not require a hearing on the motion. *See* Local Rule 78-1.

**I.  STANDARDS**

There is a strong presumption in favor of the public's access to judicial filings. *See, e.g.*, *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Documents filed in relation to a non-dispositive matter may not be sealed absent a particularized showing of good cause. *Id.* at 1180. Such a burden is met by the presentation of evidence, such as a declaration from someone with personal knowledge, rather than by the argument of counsel in motion practice. *See, e.g.*, *Utherverse Gaming LLC v. Marshmello Creative, LLC*, 2022 WL 17801835, at *1 (W.D. Wash. Dec. 16, 2022); *Becerra v. City of Barstow*, 2022 WL 14772757, at *1 (C.D. Cal. Oct. 25, 2022); *Garcia v. Lincoln Life Assur. Co. of Boston*, 2022 WL 20111375, at *1 (D. Nev. Sept. 7, 2022); *Allied Trend Int'l, Ltd. v. Parcel Pending, Inc.*, 2019 WL 5559176, at *2 (S.D. Cal. Oct. 28, 2019); *Evolutionary Intelligence, Inc. v. Facebook Inc.*, 2013 WL 12144122, at *1 (N.D. Cal.

---

[1] The fact that a sealing request may be unopposed does not automatically result in it being granted because the Court is tasked with protecting the public's interest in transparency. *Allegiant Travel Co. v. Kinzer*, 2022 WL 2819734, at *1 n.1 (D. Nev. July 19, 2022).

1

Dec. 10, 2013); *Vaccine Ctr. LLC v. GlaxoSmithKline LLC*, 2013 U.S. Dist. Lexis 68298, at *6 (D. Nev. May 14, 2013).

A request to seal must be "narrowly tailored" to remove from the public sphere only the material that warrants secrecy. *Harper v. Nev. Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1040-41 (D. Nev. 2021) (citing *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016)). To the extent confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003); *see also in re Roman Catholic Archbishop of Portland in Ore.*, 661 F.3d 417, 425 (9th Cir. 2011) (the district court must "keep in mind the possibility of redacting the sensitive material").

**II.     ANALYSIS**

Defendants' motion to seal fails on a number of fronts.

A.     Procedurally Improper Filing of Underlying Materials

The motion to seal seeks secrecy for Exhibit 1 to the underlying motion for clarification. Docket No. 97 at 4. In filing that underlying motion, however, Defendants filed the entirety of the motion and all exhibits under seal. *See* Docket No. 98. The *en masse* sealing stems from filing the motion and exhibits as a single document. *See id.* In so doing, Defendants violated the local rules, which require the separate filing of a motion and each of the exhibits thereto. Local Rule IC 2-2(a)(3)(A). By failing to comply with that local rule, Defendants have filed under seal 95 pages of documents, even though their sealing request relates only to one exhibit consisting of 29 pages. *See* Docket No. 98 at 12-40. As no showing has been made as to underlying motion and the other exhibits, Defendants must file these other documents on the public docket in a manner consistent with Local Rule IC 2-2(a)(3)(A).

B.     Potential for Redaction

The subject exhibit consists of 29 pages. *See* Docket No. 98 at 12-40. Defendants seek sealing on the ground that the exhibit includes proprietary security information. *See* Docket No. 97 at 3-4. Even assuming that such reasoning suffices to maintain secrecy of this information, *but see* Section II.C., Defendants fail to explain how that reasoning suffices to seal all 29 pages of the

exhibit in question. As noted above, a request to seal must be "narrowly tailored" to remove from the public sphere only the material that warrants secrecy. *Harper*, 552 F. Supp. 3d at 1040-41. The Ninth Circuit requires that information be redacted from a public-facing document, rather than sealing a document in its entirety, when confidential information can be easily redacted while leaving meaningful information available to the public. *Foltz*, 331 F.3d at 1137. No showing has been made here as to why redaction of the subject document is not feasible.

      C.      Good Cause Showing

Defendants contend that the subject exhibit warrants secrecy because it contains trade secret information regarding casino security. *See* Docket No. 97 at 3-4. The good cause standard requires a "particularized showing" of the harm that will stem from the public disclosure of the information. *Kamakana*, 447 F.3d at 1180. Such a particularized showing is not made through conclusory assertions of an attorney unsupported by a declaration or other competent evidence. *See Garcia*, 2022 WL 20111375, at *1; *see also Comstock v. Humphries*, 786 F.3d 701, 709 (9th Cir. 20150 ("arguments in briefs are not evidence"). The sealing request in this case is premised on statements of counsel (unsupported by a declaration of someone with personal knowledge or other evidence) that the security information is sensitive, not available to the public, and kept confidential even from some of the casino employees, and that the public disclosure of that information could pose security risks in the future. Docket No. 97 at 4. These attorney statements do not constitute a particularized showing of good cause.

Defendants also argue that good cause exists to seal the subject exhibit because it was designated as confidential pursuant to the blanket protective order and cites or discusses information that was designated as confidential. Docket No. 97 at 3-4. As a threshold matter, the portion of the protective order Defendants quote was struck by the Court, so it is not in effect. *Compare id.* at 3 *with* Docket No. 46 at 5. The Court instead issued an order expressly rejecting the argument now being advanced. Docket No. 47 at 2. To reiterate that prior order, reliance on the mere fact of a confidentiality designation to justify sealing a document once filed fails as a matter of law because the protective order was entered without a specific finding that any particular documents warrant secrecy. *See id.*; *see also Kamakana*, 447 F.3d at 1176 ("Because the parties

3

had simply stipulated to the protective order, a particularized showing of 'good cause' to keep the documents under seal had never been made to the court"); *id.* at 1183 (discussing overinclusive nature of blanket protective orders and making clear that a "confidential categorization of discovery documents under the protective order was not a guarantee of confidentiality, especially in the event of a court filing"); *Foltz*, 331 F.3d at 1133 (discussing *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)).

### III. CONCLUSION

For the reasons discussed above, the Court **ORDERS** as follows:

- By July 7, 2023, Defendants must file a notice of corrected image that appropriately files the underlying motion and exhibits (currently at Docket No. 98) as separate files in accordance with Local Rule IC 2-2(a)(3)(A);

- The Court **DEFERS** ruling on the motion to seal (Docket No. 97). To the extent secrecy is still sought by Defendants, they must file a supplement supported by a declaration or other appropriate evidence making a particularized showing of good cause. That supplement must also either propose redactions to the subject exhibit or provide meaningful argument as to why redaction is not warranted under governing law. This supplement must be filed by July 7, 2023; and

- The Clerk's Office is **INSTRUCTED** to continue maintaining the underlying papers at Docket No. 98 under seal.

IT IS SO ORDERED.

Dated: June 29, 2023

_____
Nancy J. Koppe
United States Magistrate Judge

4