UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Rhodney Henderson, et al.,<br><br>    Plaintiffs<br><br>v.<br><br>Aria Resort & Casino Holdings, LLC, et al.<br><br>    Defendants | Case No.: 2:21-cv-00280-JAD-NJK<br><br>**Order Affirming in Part and Reversing in Part Magistrate Judge's Orders**<br><br>[ECF Nos. 94, 100, 103] |

    In this racial-discrimination lawsuit, the defendants appeal Magistrate Judge Koppe's order allowing the plaintiffs to substitute their former expert on security and racial bias, Robert Woolsey, so long as any replacement opinions are substantially similar to Woolsey's.[1] The defendants also appeal the magistrate judge's order denying their motion to clarify two issues, the resolution of which the parties deem essential to moving forward with expert discovery: (1) whether the new expert opinions must conform to the opinions expressed not only in Woolsey's report but also in his deposition and (2) whether plaintiffs may engage two new experts (instead of just one).[2] In declining to clarify these issues, the magistrate judge reasoned that they remained too abstract to determine without replacement expert reports and "more fulsome briefing."[3] Because I find premature the issue of how similar any replacement opinion must be, I

---

[1] ECF No. 103 at 1; ECF No. 94.  Because the defendants' objections to the magistrate judge's first order are co-extensive with their arguments as to the second order, *see* ECF No. 103 at 2 n.1, 7; ECF No. 98 (sealed) at 7–9, I do not address other potential bases for reversal of the first order.  Even if I did, I would find that the magistrate judge committed no mistake of fact or misapplication of law in permitting the plaintiffs to substitute with substantially similar expert opinion.

[2] ECF No. 103 at 1; ECF No. 105 at 5.

[3] ECF No. 100 at 1, 2 n.1 (noting that the parties submitted 17 lines of text on the issue of the number of experts).

affirm the magistrate judge in part. But, because the parties have now sufficiently developed the second issue with information not given to the magistrate judge, I reverse the portion of her denial of the motion to clarify that deferred a decision on the number of experts, and I allow the plaintiffs two substitute experts.

## Discussion

A district judge may reconsider any non-dispositive matter that has been finally determined by a magistrate judge "when it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."[4] This standard of review "is significantly deferential" to a magistrate judge's determination.[5] A district court may overturn a magistrate judge's determination under this standard only if it has "a definite and firm conviction that a mistake [of fact] has been committed"[6] or a relevant statute, law, or rule has been omitted or misapplied.[7]

### I. Any further clarification of what constitutes "substantially similar" opinion is unnecessary and premature.

I find no error in the magistrate judge's decision to defer the issue of whether new opinions must harmonize with Woolsey's deposition testimony. Both the plaintiffs and defendants push for resolution of this question now to avoid their expending resources to offer and rebut opinions that exceed the court's limitation.[8] But the parties' disagreement on the merits of the issue demonstrate why the issue is underdeveloped.

---

[4] L.R. IB 3-1(a).

[5] *Concrete Pipe and Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993).

[6] *Id.* (internal quotation marks omitted).

[7] *See Grimes v. City and Cnty. of S.F.*, 951 F.2d 236, 240–41 (9th Cir. 1991).

[8] ECF No. 103 at 6; ECF No. 105 at 5.

The defendants argue that permitting the new expert to deviate from prior deposition testimony would improperly "provid[e] [the] [p]laintiffs with a carte blanche substitution" and "substantially prejudice" the defendants because the concessions they gleaned at deposition "are likely case dispositive" and their "rebuttal expert would likely be required to draft a new rebuttal report from scratch."[9] The plaintiffs concede that "any new expert must not go outside of the four corners of [the prior expert's] testimony" but protest requiring new experts to parrot, "concur with[,]" or even understand every opinion of the former expert, especially given the "clear discrepancies between [his] report and deposition testimony."[10] In light of the plaintiffs' concession, it's hard to know what, if any, daylight exists between the parties' positions without comparing the totality of Woolsey's opinions (in both his report and deposition) and the replacement reports. The absence of that information also makes it difficult to determine whose position better reflects the principles articulated in the case law cited by Judge Koppe and the parties.[11] How closely any substitute expert must hew to Woolsey's deposition depends on the totality of the original and replacement opinions, as those opinions might be "substantially similar" despite some deviations in one area in light of other considerations. So, because the

---

[9] ECF No. 103 at 8–9.

[10] ECF No. 105 at 9–11.

[11] I find particularly persuasive the Northern District of Illinois case cited by Judge Koppe. ECF No. 100 at 1; *Kaepplinger v. Michelotti*, No. 17-cv-5847, 2021 WL 2633312, at *3 (N.D. Ill. June 25, 2021) (collecting cases for the proposition that the "introduction of a substitute expert does not . . . permit the party requesting the substitution to escape from the concessions or admissions of the original expert," but the replacement party need not "rubber-stamp" the former expert's opinions) (cleaned up).

court is not obligated to decide underdeveloped hypothetical disputes merely to save parties' costs, I affirm the magistrate judge on this issue.[12]

## II. Plaintiffs may retain two substitute experts because a one-expert limit is impractical.

Nonetheless, with the benefit of the parties' additional briefing, I find that the dispute over the number of substitute experts is now ripe for consideration. The plaintiffs argue that they attempted but failed to identify a single expert to testify on both security and racial bias but found two separate experts to discuss each topic.[13] The defendants contend that permitting the plaintiffs to double their expert pool will require the defendants to do the same to prevent the jury from siding with plaintiffs merely because they have one extra expert vouching for their position.[14]

The plaintiffs have demonstrated good cause to retain two experts, as their attempt to hire a single replacement to cover two topics was unsuccessful, and a one-expert limit would thus significantly hamper their case and the ability to resolve this dispute on the merits. Though defendants express concern about the perception of a lopsided expert panel,[15] a standard Ninth Circuit jury instruction tells jurors that "[t]he weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify" but rather "how believable the witnesses were."[16] To further reduce potential prejudice to the defendants, the plaintiffs will be

---

[12] I second the magistrate judge's guidance that "the parties should be engaging cooperatively as to the discovery process" and encouragement that they "hopefully[] can resolve any . . . disputes without further judicial intervention." ECF No. 100 at 2.

[13] ECF No. 105 at 6–7.

[14] ECF No. 103 at 9–10.

[15] *Id.* at 10.

[16] Manual of Model Civ. Jury Instructions 1.14 (Ninth Circuit, May 2023).

4

held to the statement in their briefing that "the contents and subject matter of the reports will remain the same."[17]

## Conclusion

IT IS THEREFORE ORDERED that, having considered the defendants' appeal of the magistrate judge's orders granting plaintiffs' motion to substitute their expert and denying the defendants' motion for clarification [ECF No. 103], the orders **[ECF Nos. 94, 100] are AFFIRMED** in part and **REVERSED** in part.  Plaintiffs may substitute their former expert with two experts, but the scope of their opinions must be otherwise consistent with this order and the magistrate judge's orders.

_____
U.S. District Judge Jennifer A. Dorsey
July 18, 2023

---

[17] ECF No. 105 at 7.